### SARAH J. COZAD V. HUBBARD, TREAS., ET AL.

**1. DUTY OF COURT TO DO JUSTICE.**

In every case where the court can do justice without violating some provision of law, it is its duty to do it.

**2. PAYMENT OF TAXES BY MISTAKE.**

Where, by mistake one pays as taxes for a given year an amount greater than could be legally assessed, he cannot enjoin the collection of the legal amount of tax for the next year, though the excess paid equals the next year's tax legally assessable.

**3. WHERE FIRST HALF IS GREATER THAN WHOLE YEAR TAX, PAYMENT OF LATTER ENJOINED.**

But where more than the legal amount has been assessed and one-half of the amount so assessed has been paid (as provided for in sec. 1092, Rev. Stat.,) under the belief that it was the legal assessment, and the amount so paid as half of the year's tax is equal to or greater than the amount legally assessable for the whole year, the collection of the amount legally due for the second half year can be enjoined.

APPEAL from the Court of Common Pleas of Cuyahoga county.

MARVIN, J.

The case of Sarah J. Cozad v. R. S. Hubbard, Treasurer of Cuyahoga county, and A. E. Akin, Auditor of Cuyahoga county, in a suit brought by the plaintiff against the defendants.

The plaintiff owns real estate in this county and that having been appraised by the proper authorities for value, the valuation was increased by the auditor of the county under an authority which he supposed he had but which, as a matter-of-fact, he had not in law; so that, when he increased the valuation of the plaintiff's property for taxation, he placed it at a figure beyond that which, under the law, it should have been placed. That is to say, it having been assessed legally, the assessment made by the auditor was illegal; the auditor got it too high, not because his rate was too high, but because the valuation he placed upon it was too high,—and that was the situation in 1897.

The amount of tax which the plaintiff owed upon a lawful assessment of her property, was $407.193.

She says in her petition that about December 20, 1897, she paid what she and the treasurer, and the auditor, too,—for he had sent his duplicate to the treasurer,—and each of the officers, as well as this plaintiff, supposed there was due as the one-half of the taxes for 1897 upon this property,—the sum of $430.357—and that she paid.

The auditor had carried out upon that tax duplicate which he had delivered to the treasurer, the assessment with this higher valuation, and the petition alleges that unless restrained, her property will be returned delinquent and will be advertised for sale, and sold unless she pays this tax.

There is a general demurrer to this petition.

She seeks to enjoin the collection of this tax for the last half of 1897.

It is not averred by the petition, that any effort will be required to make her pay more than the half which will be due for the last half of 1897, upon the property assessment.

The true amount, as has already been said, for the entire year, would be $407.193.

Now it is only the half remaining unpaid or claimed to be remaining unpaid, that it is sought to enforce by the treasurer. But the plaintiff says: "I have already paid for taxes upon this property, for 1897, twenty-three dollars more than the entire legal tax upon the property; and the treasurer ought not to be permitted to force me to pay anything more."

If a tax had been paid upon this property in 1896, which was sufficient to pay both the tax for 1896 and the tax for 1897, upon a lawful valuation, it is, doubtless, true that the plaintiff would not be entitled to enjoin the collection of the tax for 1897 because she had already paid in 1896 enough for the two years, for she had paid for the last three years a good deal more than enough to pay for 1897, 1898 and 1899. But it is said, notwithstanding that is true, that this is a single assessment; the assessment for a year is one assessment; it is one thing, and it is only by a favor of the statute, sec. 1091, Rev. Stat., that one is permitted to delay the payment of one-half of his tax from December of the year for which his taxes are being paid for the next year. This statute reads: "Each person charged with taxes on a tax duplicate, in the hands of the county treasurer, may pay the full amount of such taxes on or before the twentieth day of December, and the remaining half thereof on or before the twentieth day of June next insuing; but all road taxes so charged, shall be paid prior to the twentieth day of December."

This statute was enacted about 1853;—possibly later than that,—which permitted the taxpayer to withhold from payment the one-half of his tax until the June following.

The next section of the statute, sec. 1092, provides: "When taxes, charged against the property of any person, are paid by installments, as aforesaid, each of such payments exclusive of road taxes, shall be apportioned among the several funds for which taxes have been assessed, in the proper proportions."

When payment is made in December—made voluntarily as it was here,—it had to be apportioned to the several funds to which, by law, it must go; and it is urged that that would be a reason why one should not be permitted, notwithstanding the fact that he has paid in one sum of money all the lawful taxes for the year, having paid it as a half-tax and without protest, having voluntarily paid it, and under the honest belief of taxpayer and collector that he ought to pay to withhold the payment of the lawful tax for the last half of the year. So far it seems difficult to understand if you reduce the amount to be collected at the June payment, from that which appears upon the duplicate furnished to the treasurer than if you take it entirely off and the bookkeeping is just as difficult.

It is not very clear what should be done in this case.

The case cited to us, is Cincinnati v. James et al., 55 O. S., 180, is upon special assessments; but the reasoning seems to fairly apply to this case. That case contains this language in the first clause of the syllabus:

"When an assessment for a street improvement, whether payable in installments or not, is larger than allowed by law, and sufficient has been paid, though voluntarily, to equal or exceed the amount which could be lawfully assessed, the collections of the remainder of such assessment may be enjoined."

I will also read the second clause of the syllabus: "In such case the action is not to recover payments already made, but to prevent the collection of unpaid illegal installments."

Here in the case before us, it is not attempted as has already been said to prevent the payment of such part as would have been legal if the tax had not been paid. I will not take time to read it. Counsel are familiar with it and discussed that and suggested some reasons why it ought not to be applied here.

, I remember to have heard a lawyer of learning and high standing in the profession, announce as a maxim which I have not seen in any book, but which seems to me to be a good one, that in every case where the court could do justice without violating some provision of the law, it·is his duty to do it.

It seems that it would be clearly unjust after this woman has paid all the tax that is due, to be required to pay anything more. And believing that we do justice without violating any provision of law, we have concluded to overrule this demurrer, and judgment will be so entered.

*Lawrence & Estep,* counsel for plaintiff.

*Kaiser & Taft,* counsel for defendants.